IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Morris Tyson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Mars, Inc., Exel Logistics, and DHL Express,<br><br>　　　　　Defendants. | Case No. 1:21-cv-03504<br><br>Judge Sharon J. Coleman |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6)

Defendants Mars Wrigley Confectionery US, LLC ("Mars") and Exel Inc. d/b/a DHL Supply Chain ("Exel"),[1] by and through their attorneys, move for dismissal of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted. Specifically, Plaintiff's claims are again barred by the doctrine of res judicata as they have been, or could have been, fully and finally resolved by this Court. In addition, Defendants move for the dismissal of the claims raised in Plaintiff's Complaint that are time-barred by the applicable statutes of limitation.

### INTRODUCTION

Plaintiff Morris Tyson is a former employee of Defendant Exel, a third-party logistics company, who worked as a Spotter at a warehouse facility operated by Exel in Manteno that warehoused Mars's product. Before that, Plaintiff was a Spotter for Kenco, also a third-party logistics company, until March 2015 when Exel took over operating the Manteno warehouse from Kenco. On May 13, 2015, Exel terminated Plaintiff's employment after determining that

---

[1] The parties have filed a joint stipulation to correct the case caption with the appropriate entity names -- Mars Wrigley Confectionery US, LLC and Exel Inc. d/b/a DHL Supply Chain.

Plaintiff was unable to perform the essential functions of his job with or without reasonable accommodation due to his permanent medical restrictions and after efforts to find a reasonable accommodation proved unsuccessful.

## I. Plaintiff's First Lawsuit

On December 8, 2015, Plaintiff filed a *pro se* Complaint in the United States District Court for the Central District of Illinois against Defendants Mars, Inc. (Mars), Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, and Michael Manzello. (2:15-cv-02288, ECF No. 1.) Plaintiff brought a variety of claims against the Defendants, including (but not limited to) disability and race discrimination claims, a Section 1985 conspiracy claim, and a handful of state law claims. (*Id*.) The Defendants subsequently filed motions for summary judgment. (*Id*. at ECF Nos. 103 and 104.) On October 16, 2017, the Court granted both motions for summary judgment in full, and terminated the case. (*Id*. at ECF No. 111.)

## II. Plaintiff's Second Lawsuit

On May 10, 2019, Plaintiff filed another Complaint *pro se* in the United States District Court for the Northern District of Illinois against Defendants Mars, Inc., Robert Coffey, Todd Moore, Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, Michael Manzello, Jay Elliot, and Exel. (1:19-cv-03193, ECF No. 1.) Plaintiff's Complaint, which included over 60 pages of allegations with no enumerated counts or any particular order, again asserted an assortment of claims against the Defendants -- including (but not limited to) disability and race discrimination claims, a retaliation claim, a Section 1985 conspiracy claim, and another handful of state law claims. (*Id*.) In response, Defendants filed their respective motions to dismiss. (*Id*., ECF Nos. 18, 21, 22, 25, 37 and 39.)

On July 23, 2019, this Court granted Mars's and Kenco's motions to dismiss based on res judicata and issue preclusion, dismissing them <u>with prejudice</u>. (*Id*., ECF No. 34.) On March 26, 2020, the Court partially granted Exel's Motion to Dismiss, concluding, "…the claims that have already been adjudicated by the Central District, even though they were brought against Kenco and not Exel, are dismissed with prejudice." (*Id*., ECF No. 50.) The Court's Order, however, stated that it was unclear whether Plaintiff had raised an ADA discrimination claim or failure to accommodate claim with the EEOC based upon his termination and allowed these claims to proceed. (*Id*.) As a result, the Court gave Plaintiff another chance to amend his Complaint and state a claim <u>against Exel</u> based on Exel's interactions with him after his employment in March 2015. (*Id*.)

On May 1, 2020, Plaintiff filed an Amended Complaint against both Exel and Mars asserting essentially the same claims he had asserted in his Complaint -- including (including but not limited to) disability and race discrimination claims, a retaliation claim, a Section 1985 conspiracy claim, and a number of state law claims. (*Id*., ECF No. 56). In response, both Mars and Exel filed motions to dismiss Plaintiff's Amended Complaint. (*Id*., ECF Nos. 59-60 and 64-65.)

On January 22, 2021, the Court ruled on Mars's and Exel's motions. (*Id*., ECF No. 79.) In its Order, the Court referenced its previous determination that res judicata barred Plaintiff's claims against Mars and concluded that while Plaintiff's Amended Complaint referred to both Mars and Exel terminating him and attempted to argue that Mars and Exel had an agency relationship, he only offered conclusory allegations that Mars was involved in the decision to terminate him. (*Id*.) Consequently, the Court again dismissed all of Plaintiff's claims against Mars <u>with prejudice</u>. (*Id*.) Regarding Exel, the Court dismissed without prejudice the claims

3

that were part of Plaintiff's unresolved (at the time) EEOC charge -- specifically, his disability and race discrimination and retaliation claims -- and dismissed all other claims against Exel <u>with prejudice</u>. (*Id*.)

### III.     Plaintiff's Third Lawsuit

On June 30, 2021, Plaintiff filed the current Complaint *pro se* against Defendants Mars and Exel. (ECF No. 1.) Plaintiff's Complaint, which consists of a pared down 20 pages of allegations (without enumerated counts or any particular order), includes pared down claims against the Defendants -- (1) a race discrimination/retaliation claim under Title VII of the Civil Rights Act of 1964 (Title VII); (2) a disability discrimination/retaliation claim under the Americans with Disabilities Act of 1990 (ADA); (3) a Section 1985 conspiracy claim; and (4) a breach of contract claim. (*Id*., ¶¶ II and III.)

As discussed fully below, the claims set forth in Plaintiff's Complaint are barred by the doctrine of res judicata since the claims currently before the Court have been, or could have been fully and finally resolved by this Court's prior final judgment. In addition, Plaintiff's Title VII and ADA claims are time-barred by the applicable limitations period.

### ARGUMENT

### I.     Legal Standard for Rule 12(b)(6) Motion to Dismiss

This Court should dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In doing so, the Court must assume the truth of all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. *Id*.

4

Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plaintiff must allege sufficient facts to raise a right to relief above the speculative level; it is not enough to merely create a suspicion of a legally cognizable right of action. *Twombly*, 550 U.S. at 555. In fact, it is now well-settled that allegations that are legal conclusions, bare assertions, or merely conclusory, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679-80. When [as here] a complaint fails to "possess enough heft to sho[w] that the pleader is entitled to relief," "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 557-58 (citations omitted).

## II.     All of Plaintiff's claims against Mars, as well as particular claims against Exel, are barred by the doctrine of res judicata.

### A.     <u>This Court previously dismissed Plaintiff's disability and race discrimination claims against Mars, and his Section 1985 claim against Mars and Exel, with prejudice.</u>

"[D]istrict courts ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata. . . . But when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys.*, Inc., 858 F.3d 452, 457 (7th Cir. 2017) (citations and footnote omitted). As this Court has previously stated:

> [R]es judicata "is [usually] not one of the affirmative defenses that Rule 12(b) permits . . . ; rather, res judicata is an affirmative defense which should be raised in a motion for judgment on the pleadings under Rule 12(c)." *U.S. Bank, Nat'l Ass'n v.*

5

*JKM Mundelein LLC*, No. 14-cv-10048, 2015 U.S. Dist. LEXIS 61619, (N.D. Ill. May 12, 2015). That said, depending upon the allegations raised and the content of the public records subject to judicial notice, "res judicata may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Id.*; see also *Clark & Leland Condo., LLC v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868-69 (N.D. Ill. 2015), on reconsideration in part sub nom. 2016 U.S. Dist. LEXIS 8338 (N.D. Ill. Jan. 25, 2016) ("res judicata is an affirmative defense [however] the doctrine of res judicata may properly be raised as a basis to dismiss a complaint pursuant to Rule 12(b)(6)"). Under Rule 12(b)(6), then, the Court must determine whether the Complaint states "a claim to relief that is plausible on its face." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw all reasonable inferences in its favor. *Id.*; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," including public filings in other federal courts. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

*Naughton v. Alden Mgmt. Servs.*, No. 16-cv-09027, 2017 U.S. Dist. LEXIS 50016, at *4-5 (N.D. Ill. Apr. 3, 2017).

The doctrine of res judicata bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted).  To determine whether there is an identity of the causes of action, the Seventh Circuit uses the "same transaction" test to determine if two causes of action are the same. *Perry v. Tarry*, 96 C 7027, 1997 U.S. Dist. LEXIS 23837, at *4-5 (N.D. Ill. Apr. 16, 1997) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)). "Under this test, a claim is deemed to have "identity" with a previously litigated matter if it is based on the same, or nearly the same, factual allegations

arising from the same transaction or occurrence." *Id*. at *5 (citing *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).

Plaintiff's third lawsuit has all of the requirements necessary for res judicata. Plaintiff's current Complaint and the Amended Complaint from his second lawsuit include identical claims (disability and race discrimination/retaliation and Section 1985 claims) which are based on the same operative facts that formed the basis of Plaintiff's previous lawsuit -- specifically, conduct and events surrounding Plaintiff's employment with Exel from March 2015 to the termination of his employment on May 13, 2015 -- as well as identical parties.

In addition, this Court's previous orders twice dismissed these same claims against Mars with prejudice and twice dismissed the Section 1985 claim against Exel with prejudice.[2] (1:19-cv-03193, ECF Nos. 34, 50, and 79.) A dismissal with prejudice is a final judgment entitled to res judicata effects, and is the tried and true method of permanently ending the underlying litigation. *T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (noting that a dismissal with prejudice results in res judicata effect). Since Plaintiff's Complaint raises claims that were litigated in his previous lawsuit, involving the same parties, and concluding with a final judgment on the merits, Plaintiff's disability and race discrimination/retaliation claims against Mars and Section 1985 claims against Mars and Exel should be dismissed with prejudice.

    C.    <u>Plaintiff's breach of contract claim is barred by the doctrine of claim splitting.</u>

---

[2] Plaintiff's Section 1985 conspiracy claim is also time-barred. Section 1985 cases are governed by the state law limitations periods in personal injury actions. *Kness v. Grimm*, 761 F. Supp. 513, 519 (N.D. Ill. 1991). In Illinois, the statute of limitations for personal injury actions is two years under 735 ILCS 5/13- 202. To have been timely filed, Plaintiff would have had to file suit no later than two years from the date of the alleged discrimination. Since Plaintiff's Complaint alleges that he was terminated on May 13, 2015 (ECF No. 1, ¶ 8.), a timely Section 1985 claim should have been filed no later than May 13, 2017. The fact that Plaintiff filed the current Complaint in 2021 -- well beyond the two-year statute of limitations -- provides yet another reason his Section 1985 claim against Mars and Exel should be dismissed with prejudice as a matter of law.

Plaintiff's new breach of contract claim is also barred by the doctrine of claim splitting. When a plaintiff attempts to bring new claims under legal theories that he did not raise in his previous lawsuits, his claims are barred by the doctrine of claim splitting. *Carter v. J.P. Morgan Chase Bank*, No. 16-cv-9732, 2017 U.S. Dist. LEXIS 53506, at *6 (N.D. Ill. Apr. 7, 2017). "Under the doctrine of claim splitting, a form of res judicata, a party cannot split a cause of action into separate grounds of recovery and bring successive lawsuits." *Id.* (citing *Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016)).

Here, Plaintiff asserts a breach of contract claim arising out of his offer letter from, and his employment with, Exel.[3] (ECF No. 1, ¶¶ 71-72 and Exhibit B.) While Plaintiff does not clearly or adequately allege facts that support a breach of contract claim, it is clear that the claim is based on the same set of facts as his previous lawsuits. Since Plaintiff could have (but did not) raise a breach of contract claim in his previous lawsuits, the claim is barred by the doctrine of claim splitting and should be dismissed with prejudice.

### III. Plaintiff's surviving claims are time-barred.

#### A. Plaintiff admittedly filed his ADA discrimination, Title VII race discrimination, and retaliation claims outside of the 90-day filing deadline.

In accordance with this Court's January 22, 2021 Order, the only claims from Plaintiff's previous lawsuit to survive were those subject to Plaintiff's EEOC charge -- specifically, his ADA disability discrimination, Title VII race discrimination, and retaliation claims against Exel. (1:19-cv-03193, ECF No. 79.) Even if we assume that Plaintiff's disability and race discrimination and retaliation claims against Mars are not barred by res judicata (which they are), they still suffer the fate because Plaintiff's own allegations demonstrate that these claims against Mars and Exel are time-barred.

---

[3] It is worth noting that Plaintiff does not (and cannot) allege that he had any contractual relationship with Mars.

8

A defendant may assert a statute of limitations defense in a Rule 12(b)(6) motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims").

Title VII and the ADA require the EEOC to notify a complaining party when it dismisses a charge of discrimination.[4] Section 2000e–5(f)(1). At that point, according to the statute, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." While the statute does not specify what form the notice must take or what information must be included, the Seventh Circuit takes the position that written notice is required and has consistently held that the 90–day period does not start running until the claimant (or her agent) receives the right-to-sue letter from the EEOC. See, e.g., *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) (explaining that the limitations period begins to run "when the claimant receives the letter, not when it was sent"); *Threadgill v. Moore*, U.S.A., Inc., 269 F.3d 848, 849–50 (7th Cir. 2001) (noting that actual receipt of right-to-sue notice by claimant or her attorney starts 90–day period).

In this case, Plaintiff admits he received the EEOC's Notice of Right to Sue letters for Mars and Exel on March 26, 2021. (ECF No. 1, ¶¶ IV(B) and 120, Exhibit K.) The Notice of Right to Sue letters explicitly state, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id*., Exhibit K.)

---

[4] The ADA incorporates provisions of Title VII which require both the exhaustion of administrative remedies before bringing suit in court and that the suit be brought within 90 days of the receipt of the notice of right to sue. See 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5).

9

Despite this conspicuous warning, Plaintiff did not file his Complaint until June 30, 2021 -- 96 days after his receipt of the EEOC's notice. It is clearly established that a party can plead himself out of court by alleging facts demonstrating that the complaint is untimely. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 114 S. Ct. 1837 (1994); *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992). This applies to pro se plaintiffs equally. *Sanchez v. BCTGMI Local #1*, 2021 WL 1853305, *6 (N.D. Ill., May 10, 2021) (dismissing pro se plaintiff's Title VII and ADA discrimination and retaliation claims with prejudice after plaintiff admittedly filed suit outside of the 90-day filing deadline). Unfortunately for Plaintiff, this is exactly what he has done. Since Plaintiff admittedly filed his disability and race discrimination and retaliation claims beyond the 90-day filing deadline, his claims are time-barred and should be dismissed against Mars and Exel with prejudice.

## CONCLUSION

For the foregoing reasons, Mars and Exel respectfully request that all of Plaintiff's claims against them be dismissed with prejudice as Plaintiff's repeated attempts to bring these claims are barred under the doctrine of res judicata and time-barred by their respective statute of limitation periods.

**DATED: November 15, 2021**  Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Ryan L. Young
   One of Its Attorneys

Richard B. Lapp, Bar No. 06191534
(*appearance pending*)
rlapp@seyfarth.com
Ryan L. Young, Bar No. 6298021
ryoung@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 15, 2021, he caused a copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)** to be served on the following Pro Se Plaintiff of record via the Court's ECF system:

>Morris Tyson
>1955 Meadowview Ave.
>Kankakee, IL 60901
>Morris60901@yahoo.com

>/s/ Ryan L. Young
>Ryan L. Young