IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Morris Tyson, | Case No. 1:21-cv-03504 |
| Plaintiff, | Judge Sharon J. Coleman |
| v. | |
| Exel Logistics, and Mars Wrigley Confectionary US, LLC, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6)**

In response to Defendants' Motion to Dismiss, Plaintiff filed a brief Response that: 1) failed to *address* Defendants' argument that Plaintiff's Section 1985 conspiracy and breach of contract claims against both Defendants are barred by the doctrine of res judicata; 2) failed to rebut the argument that Plaintiff's race and disability discrimination claims against Mars Wrigley Confectionary US, LLC (Mars) are barred by the doctrine of res judicata; and 3) confirmed that Plaintiff did not timely file his Complaint.

For these reasons, discussed below in detail, Defendants move for dismissal of Plaintiff's Complaint with prejudice for its failure to state a claim upon which relief may be granted.

**1. Plaintiff's Response fails to address Defendants' res judicata argument regarding Plaintiff's Section 1985 conspiracy and breach of contract claims.**

It is well established that a complaint is subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) citing *Lekas v. Briley*, 405 F.3d

602, 614 (7th Cir. 2005). This rule applies when a party fails to develop arguments related to a discrete issue or when they effectively abandon the litigation by not responding to alleged deficiencies in a motion to dismiss. *Id*. at 1054 citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss[.]").

Here, Plaintiff's Response flat out fails to address Defendants' argument that his Section 1985 conspiracy claim and his breach of contract claim are barred by the doctrine of res judicata. As a result, Plaintiff has effectively abandoned these claims and they should be dismissed with prejudice.

**2. Plaintiff's response fails to rebut Defendants' argument that Plaintiff's race and disability discrimination/retaliation claims against Mars are barred by the doctrine of res judicata.**

Plaintiff's Response argues that his race and disability discrimination/retaliation claims against Mars are not barred by the doctrine of res judicata because the "common core or nucleus of operative facts" between the current lawsuit and his previous lawsuits are not the same, nor was the "the employment relationship between Mars and Plaintiff" the same in the previous lawsuits. Plaintiff's argument is incorrect and misplaced.

A dismissal with prejudice is a final judgment entitled to res judicata effects, and is the tried and true method of permanently ending the underlying litigation. *T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (noting that a dismissal with prejudice results in res judicata effect). Plaintiff's current lawsuit raises the same claims that were litigated in his previous Northern District lawsuit (race and disability discrimination/retaliation) and involves the same parties (Mars and Exel). (*See* Case No. 1:19-cv-03193.) Most important, Plaintiff's previous lawsuit concluded with a final judgment on the merits. As discussed in Defendants'

2

Memorandum in Support of Their Motion to Dismiss, the Court's January 22, 2021 Order concluded that Plaintiff's allegations -- which referred to both Mars and Exel terminating him and attempted to argue that Mars and Exel had an agency relationship -- offered only conclusory allegations that Mars was involved in the decision to terminate Plaintiff's employment. (*Id.*, ECF No. 79.) Consequently, the Court again dismissed all of Plaintiff's claims against Mars with prejudice. (*Id.*)

While Plaintiff's misdirected argument attempts to get a third bite at Mars by offering the same conclusory allegations that Mars was involved in Exel's decision to terminate Plaintiff's employment, the Court's previous dismissal of Mars with prejudice on this issue effectively bars Plaintiff from doing so under the doctrine of res judicata.

**3.     Plaintiff did not timely file his complaint.**

Plaintiff's Response ends with a section dedicated to his argument that he timely filed his complaint. Specifically, Plaintiff claims that he filed his complaint with the Clerk of the Court on the June 24, 2021 deadline and was informed the next day that his complaint was incomplete for multiple reasons -- which he claims he corrected after the deadline.[1] (Resp. at 5.) Plaintiff argues that his unsuccessful attempt to file an incomplete complaint on the 90th day is enough to constitute a timely filing timely. It is not.

Plaintiff's argument, properly framed, essentially asks the Court to apply equitably tolling to save his untimely complaint. But equitable tolling is a very narrow exception that is restricted to extreme circumstances in which the plaintiff has made a good faith error -- such as

---

[1] Confusingly, Plaintiff appears to blame the Clerk's office for an ambiguous "error" and "clerical entry mistake" that resulted in his untimely filing. Resp. at 5-6. Although Plaintiff concedes his complaint was deficient, he claims he "did not have control of the Clerk's office and the handling of his complaint after it was at the Clerk's office" and that he "understands that errors do occur; but maintains that through no fault of his own that this error occurred." Id. Nevertheless, Plaintiff's misdirected blame fails to recognize that he alone was responsible for submitting a deficient complaint, at the very end of the 90-day deadline.

3

filing a timely complaint in the wrong court -- or has been prevented in some extraordinary way from filing a timely complaint. *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001); *see also United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) ("Extraordinary circumstances far beyond the litigant's control must have prevented timely filing").

Unfortunately, Plaintiff's argument that an attempt to file an incomplete complaint on the 90-day deadline is enough to constitute a timely filing (or qualify for the narrow equitable tolling exception) was squarely rejected by the court in *Clark v. Residents' Journal*, 2003 WL 21518553 (N.D. Ill. July 3, 2003). In *Clark*, a pro se plaintiff attempted to file an incomplete complaint in federal court five days before the 90-day deadline and was informed by the Office of the Clerk that her complaint was incomplete because she needed to complete the jurisdictional component.[2] *Id*. at *1. The pro se plaintiff subsequently filed a completed complaint two days after the 90-day deadline. *Id*. The court concluded, despite the pro se plaintiff's attempt to file her complaint five days before the deadline, her complaint at that time was incomplete and therefore, she "did not timely file at all." *Id*. at *3. Here, Plaintiff finds himself in the same predicament. Similar to the pro se plaintiff in *Clark*, Plaintiff concedes that the complaint he submitted on June 24, 2021 deadline was incomplete and he did not file a sufficient complaint until after the deadline had passed.[3] (Resp. at 5, 49-50.) Consequently, the result is the same -- although Plaintiff attempted to file his complaint on the deadline, his complaint was incomplete and, therefore, Plaintiff did not timely file at all.

Plaintiff does not explicitly claim that extraordinary circumstances prevented him from timely filing his complaint, nor could he. While equitable tolling may also apply if extraordinary

---

[2] The Court's opinion noted that a clerk informed Plaintiff that the Office of the Clerk would not accept her complaint until she circled the jurisdictional component of her complaint. *Clark* at *2.

[3] Also similar to the pro se plaintiff in *Clark*, one of the multiple issues with Plaintiff's complaint was his failure to complete the jurisdictional component. (Resp. at 49.)

4

circumstances prevented timely filing, it is granted sparingly in such cases and the threshold to trigger it is very high. *Hines v. Serv. Corp. Int'l*, 2008 WL 2692033, at *3 (N.D. Ill. July 1, 2008) citing *U.S. v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (death of the filing attorney's father two weeks before the deadline did not warrant equitable tolling even though the plaintiff claimed the delay was minimal and the other side was not prejudiced)*; see also Fleming v. Amalgamated Transit Union,* 2005 WL 1323323, at *3 (N.D. Ill. 2005) (pro se plaintiff's medical need and recovery does not meet standard for equitable tolling); *Clark* at *3 (pro se plaintiff's sudden illness did not meet the high threshold required to invoke equitable tolling); *Flaherty v. Illinois Dep't of Corrections*, 1995 WL 290398 at *2 (N.D. Ill. May 10, 1995) (equitable tolling limited to cases where plaintiff can demonstrate mental disability amounting to insanity or incompetency). Here, Plaintiff simply has not articulated an extraordinary circumstance that prevented him from filing a completed and signed civil coversheet and complaint.[4]

Since Plaintiff lacks a basis for equitable tolling, his admission that he filed a sufficient complaint after the deadline, even if it was only one day late, is fatal to his claim. "Absent a basis for equitable tolling, even a one day delay beyond the statutory ninety days is fatal to the claim, even in the case of a *pro se* plaintiff." *Hines* at *2 (N.D. Ill. July 1, 2008) citing *Wilson v. Doctor's Hosp. of Hyde Park,* 909 F. Supp. 580, 581 (N.D. Ill. 1996) (*pro se* plaintiff filed on the 91st day); *Portillo v. Zebra Tech. Corp.,* 154 Fed. Appx. 505, 507 (7th Cir. 2005) (*pro se* plaintiff filed on the 91st day); *Walker v. Monticello Convalescent Ctr.,* 1986 WL 10998, at *1 (N.D. Ill. Oct. 1, 1986) (in Title VII cases "a miss is as good as a mile" and filing on the 91st day is as fatal to a plaintiff's case as filing one year late).

---

[4] Any attempt by Plaintiff to argue that an extraordinary circumstance prevented him from filing a completed and signed civil cover sheet and complaint would have to be met with a healthy dose of skepticism as this is Plaintiff's third filed complaint against Mars and his second filed complaint against Exel.

Since Plaintiff admittedly filed his disability and race discrimination and retaliation claims beyond the 90-day filing deadline, his claims are time-barred and should be dismissed against Defendants with prejudice.

## CONCLUSION

Based on the foregoing reasons, Defendants respectfully requests that all of Plaintiff's claims against them be dismissed with prejudice.

**DATED: January 14, 2022**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP


　　　　　　　　　　　　　　　　　　　　　　By: */s/ Ryan L. Young*
　　　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys


Richard B. Lapp, Bar No. 06191534
rlapp@seyfarth.com
Ryan L. Young, Bar No. 6298021
ryoung@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:　(312) 460-5000
Facsimile:　(312) 460-7000

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on January 14, 2022, he caused a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(6)** to be served on the following Pro Se Plaintiff of record via the Court's ECF system and by mailing a copy to Plaintiff via U.S. Regular Mail:

      Morris Tyson
      1955 Meadowview Ave.
      Kankakee, IL 60901
      Morris60901@yahoo.com

      */s/ Ryan L. Young*
      Ryan L. Young

7