UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORRIS TYSON, ) | |
| ) | Case No. 21-cv-3504 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| MARS WRIGLEY CONFECTIONARY ) | |
| U.S., LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Morris Tyson brought this lawsuit against Mars Wrigley Confectionery U.S., LLC ("Mars") and Exel Inc, d/b/a DHL Supply Chain ("Exel") alleging employment discrimination claims, a breach of contract claim, and a conspiracy claim. Before the Court is defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on res judicata, also known as claim preclusion. For the following reasons, the Court grants defendants' motion and dismisses this lawsuit in its entirety.

**Background**

Construing his pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Tyson alleges that defendants discriminated against him based on his race, African-American, and his perceived disability. Tyson asserts that he worked for Mars' warehouse in Manteno, Illinois beginning in January 2005 and that defendants, more specifically Exel, terminated his employment on May 13, 2015.

Tyson filed his first lawsuit in the U.S. District Court for the Central District of Illinois, case number 15-cv-2288. In that lawsuit, Tyson sued defendant Mars, along with Kenco Logistic Services, LLC, and individual defendants alleging claims of disability and race discrimination based on his May 2015 termination. The district court granted defendants' motions for summary

judgment and closed Tyson's lawsuit on October 16, 2017. The Court presumes familiarity with the October 2017 summary judgment ruling.

On May 10, 2019, Tyson filed another lawsuit concerning his May 2015 termination, this time in the U.S. District Court for the Northern District of Illinois, case number 19-cv-3193. Tyson's second lawsuit made similar allegations against defendants Mars, Kenco, and Exel Logistics, along with individual defendants. Tyson's 2019 complaint included claims of disability and race discrimination, a retaliation claim, a conspiracy claim under 42 U.S.C. § 1985, and state law claims.

On July 23, 2019, the Court granted defendants' Mars, Robert Coffee, and Todd Moore's motion to dismiss, as well as the Kenco Logistic Services defendants' motion to dismiss, based on the preclusive effect of Tyson's Central District of Illinois lawsuit, 2:15-cv-2288. The only defendant that remained in this earlier lawsuit at that time was Exel, and only as to certain claims.

On January 22, 2021, the Court granted Exel's motion to dismiss in part. Tyson had not exhausted certain claims with the EEOC, and therefore, the Court denied those claims without prejudice. In the present complaint, Tyson provides the right to sue letters in relation to his unexhausted claims that are dated January 20, 2021. Tyson alleges that he did not receive these letters until March 26, 2021.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when

the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Normally, a defendant should bring a Rule 12(c) motion when raising an affirmative defense like claim preclusion, but when the district court has all the information it needs to rule on a defense, such as the prior court rulings, defendants may raise affirmative defenses in a Rule 12(b)(6) motion to dismiss.  *See Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

**Discussion**

"Federal courts apply the federal common law of claim preclusion when the earlier decision was rendered by a federal court." *Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021).  "The doctrine of claim preclusion rests on the pragmatic insight that one fair opportunity to litigate a claim is normally enough." *Id.*  Claim preclusion blocks future lawsuits when three criteria are met: (1) the identity of parties or their privies, (2) the identity of claims, and (3) a prior final judgment on the merits.  *Id.*; *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021).  When interpreting the scope of claims for claim preclusion, federal courts examine if the prior and present claims arise from the same transaction or involve a common nucleus of operative facts.  *See Scholz*, 18 F.4th at 952; *Daza*, 2 F.4th at 684.  "Anything falling within that common nucleus, whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case." *Daza*, 2 F.4th at 684.

In the present complaint, Tyson brings federal employment discrimination claims, along with a § 1985 conspiracy claim, and a state law breach of contract claim.  His claims, except for the formerly unexhausted claims, are subject to claim preclusion because he has brought these claims based on his May 2015 termination against the same parties or their privies and the Central District of Illinois and Northern District of Illinois denied his claims on the merits and entered final

3

judgment. The present breach of contract claim is also barred by claim splitting. *See Rexing Quality Eggs v. Rembrandt Enter., Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020) ("The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case, when those issues could have been raised in the first litigation."). Moreover, Tyson's § 1985 conspiracy claim and breach of contract claim are also dismissed because he failed to address defendants' arguments concerning these claims in his response brief, and thus has abandoned them. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Turning to Tyson's unexhausted claims against Exel, they are untimely. To clarify, "a plaintiff who asserts Title VII and ADEA claims has 300 days from the alleged discriminatory or retaliatory act to file a timely charge of discrimination with the EEOC." *Chatman v. Board of Education of City of Chicago*, 5 F.4th 738, 744 (7th Cir. 2021); 42 U.S.C. § 2000e-5(e)(1). The starting point in this analysis is May 13, 2015, and 300 days from May 13, 2015 was approximately March 11, 2016. From the record, it is abundantly clear that Tyson did not file his EEOC charge against Exel within the 300 day period required under 42 U.S.C. § 2000e-5(e)(1) and that equitable tolling is not warranted under the circumstances. *See Haynes v. Indiana Univ.*, 902 F.3d 724, 731 (7th Cir. 2018). The Court therefore dismisses these claims.

**Conclusion**

For these reasons, the Court grants defendants' motion to dismiss in its entirety [13]. Civil case terminated.

IT IS SO ORDERED.

Date: 1/21/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4